Harry C. Gilbert, Esq. SBN 129944)
JOSEPH COSTELLA & ASSOCIATES
215 Lennon Lane, Suite 200,
Walnut Creek, Ca 94598
Telephone  (925) 945-4491
Facsimile:  (925) 746-3916

Attorneys for Defendant,
PAPE' MACHINERY, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVE MUSCATELL,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN DEERE CONSTRUCTION AND FORESTRY COMPANY; PAPE' MACHINERY, INC., ET AL.<br><br>　　　　　　　Defendants | Case No: C 08-00361 JW<br><br>ANSWER TO PLAINTIFF'S COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

　　　　Defendant PAPE' MACHINERY, INC. responds to the complaint filed by plaintiff STEVE MUSCATELL, as follows:

　　　　1.　　In response to the allegation in paragraph 1 of plaintiff's Complaint, defendant admits plaintiff has sued defendant JOHN DEERE CONSTRUCTION & FORESTRY COMPANY and PAPE' MACHINERY, INC.  Defendant denies all other material allegations.

　　　　2.　　In response to the allegations in paragraph 2 of plaintiff's Complaint, defendant admits plaintiff's form complaint contains four pages.  Defendant denies all other material allegations.

3. In response to the allegation in paragraph 5a of plaintiff's Complaint, defendant admits that JOHN DEERE CONSTRUCTION & FORESTRY COMPANY is not a natural person; defendant is without sufficient knowledge or information to form a belief as to whether JOHN DEERE CONSTRUCTION & FORESTRY COMPANY is a corporation, and on that basis denies the allegation.

4. In response to the allegation in paragraph 5b of plaintiff's Complaint, defendant admits it is a corporation.

5. In response to the allegations in paragraph 6 of plaintiff's Complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

6. In response to the allegation in paragraph 8c of plaintiff's Complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

7. In response to the allegation in paragraph 10d of plaintiff's Complaint, defendant admits that plaintiff has filed a complaint alleging a claim that plaintiff calls product liability. Defendant denies any and all other material allegations.

8. In response to the allegations in paragraph 11 of plaintiff's Complaint, defendant denies each and every allegation contained therein.

9. In response to the allegations in paragraph 14 of plaintiff's Complaint, defendant denies that plaintiff is entitled to any damages or any other relief.

10. In response to the allegation in paragraph Prod. L-1 of plaintiff's Complaint, defendant denies each and every allegation contained therein.

11. In response to the allegations in paragraph Prod. L-2 of plaintiff's Complaint, defendant denies each and every allegation contained therein.

12. In response to the allegations in paragraph Prod. L-3 of plaintiff's Complaint, defendant admits plaintiff purchased a Model 66 Vibrating Roller from defendant; defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that plaintiff, STEVE MUSCATELL, was the user of the product, and on that basis denies said allegation.

13. In response to the allegations in paragraph Prod. L-4 of plaintiff's Complaint, defendant denies each and every allegation contained therein.

14. In response to the allegations in paragraph Prod. L-5 of plaintiff's Complaint, defendant denies each and every allegation contained therein.

15. In response to the allegations in paragraph Prod. L-6 of plaintiff's Complaint, defendant denies each and every allegation contained therein.

AS FOR SEPARATE AFFIRMATIVE DEFENSES to the Complaint, and each claim asserted therein, this answering defendant alleges:

### First Affirmative Defense
### (Failure to State a Claim)

The complaint, and each purported claim therein, fails to state facts sufficient to constitute a claim upon which relief may be granted.

### Second Affirmative Defense
### (Comparative Negligence)

Plaintiff's own carelessness and negligence contributed to the events and damages complained of, if any there were, and if so, either bars or proportionally reduces any potential recovery to said plaintiff.

### Third Affirmative Defense
### (Statute of Limitations)

Each claim is barred by applicable statute of limitations, including California Code of Civil Procedure Sections 318, 337.1, 337.15, 337, 338, 339, 340 and/or 343 and

California Uniform Commercial Code Sections 2607(3) and 2725.

### Fourth Affirmative Defense

### (Failure to Mitigate)

Plaintiff has failed or neglected to use reasonable care for protection and to minimize the losses and damages, if any there were, and recovery is therefore barred or proportionately reduced accordingly.

### Fifth Affirmative Defense

### (Fault of Others)

The injuries and damages of which plaintiff complains, if any there were, were legally caused by the conduct of parties other than this answering defendant.

### Sixth Affirmative Defense

### (No Notice of Alleged Breach of Warranty)

Plaintiff failed to give timely notice to defendant of the alleged breaches of warranty within a reasonable time after discovery of said alleged breaches by plaintiff.

### Seventh Affirmative Defense

### (Ratification and Acceptance - Product)

Plaintiff accepted all products supplied by defendant and did not reject or revoke acceptance within the time set forth in California's Uniform Commercial Code.

### Eighth Affirmative Defense

### (Misuse of Product)

The sole cause of alleged defects in products supplied by defendant was the misuse, abuse, abnormal use, and negligent maintenance of the products by plaintiff and/or plaintiff's agents, and that such misuse, abuse, abnormal use, and negligent maintenance was the direct and proximate cause of the loss and damages complained of, if any there were.

///

### Ninth Affirmative Defense

### (Assumption of Risk)

AS A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE, defendant alleges that if there were any risks and dangers involved in the matters set forth in plaintiff's Complaint, which defendant expressly denies, then said risks and dangers were open and apparent, fully understood by and known to said plaintiff, and plaintiff voluntarily assumed said risks, and their assumption of said risks was the sole, proximate cause of their alleged injuries and damages, if any there were.

DATED:	January 30, 2008	JOSEPH COSTELLA & ASSOCIATES

By: _____
Harry C. Gilbert
Attorneys for Defendant
PAPE' MACHINERY, INC.

### JURY DEMAND

Defendant PAPE' MACHINERY, INC., hereby demands trial by jury in this action.

DATED:	January 30, 2008	JOSEPH COSTELLA & ASSOCIATES

By: _____
Harry C. Gilbert
Attorneys for Defendant
PAPE' MACHINERY, INC.

**CERTIFICATE OF SERVICE**
FRCP, Rule 5

Re: *Muscatell v. John Deere Construction and Forestry Company, et al.*
U. S. District Court Case No. C-08-00361 JW

      I am a citizen of the United States and am employed in the County of Contra Costa, State of California. I am over the age of 18 years and not a party to the within action. I am employed by Joseph Costella & Associates and my business address is 215 Lennon Lane, Suite 200, Walnut Creek, California, 94598. On the date below, I served the following documents in the manner indicated on the below-named parties and/or counsel of record:

**DEFENDANT PAPE' MACHINERY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT WITH A DEMAND FOR JURY TRIAL, CERTIFICATE OF SERVICE, AND A DISCLOSURE STATEMENT**

**(by ELECTRONIC FILING)** as required by the Court's Order re: Electronic Service of Pleadings in this matter, and as performed by ECF/PACER on all parties in this action.

*See Service List provided by ECF/PACER*

Plaintiff in Pro Per (BY U.S. Mail)
Steve Muscatell
P.O. Box 256
Boulder Creek, CA 95006

      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that I am readily familiar with this firm's practice for collection and processing of documents for mailing with the U.S. Postal Service.

DATED: January 30, 2008

*Providence Augusta*
Providence Augusta

Harry C. Gilbert, Esq. SBN 129944)
JOSEPH COSTELLA & ASSOCIATES
215 Lennon Lane, Suite 200,
Walnut Creek, Ca 94598
Telephone (925) 945-4491
Facsimile: (925) 746-3916

Attorneys for Defendant,
PAPE' MACHINERY, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE MUSCATELL,<br><br>                Plaintiff,<br><br>v.<br><br>JOHN DEERE CONSTRUCTION AND FORESTRY COMPANY; PAPE' MACHINERY, INC., ET AL.<br><br>                Defendants | Case No: C 08-00361 JW<br><br>DISCLOSURE STATEMENT OF DEFENDANT PAPE' MACHINERY, INC. (FRCP 7.1) |

Defendant, PAPE' MACHINERY, INC., is a wholly owned subsidiary of the Pape' Group, Inc., its closely held parent corporation.

DATED:    January 30, 2008        JOSEPH COSTELLA & ASSOCIATES

                                           By: _____
                                               Harry C. Gilbert
                                               Attorneys for Defendant
                                               PAPE' MACHINERY, INC.