**RYAN & FONG**
**TIMOTHY J. RYAN - 99542**
**REBEKKA MARTORANO - 173600**
2379 Gateway Oaks Drive, Ste. 100
Sacramento, California 95833
Telephone: (916) 924-1912

Attorneys for Defendant John Deere Construction & Forestry Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVE MUSCATELL, | No. C 08-00361 JW PVT |
| Plaintiff, | |
| v. | **STIPULATION AND ORDER TO FILE AMENDED ANSWER** |
| JOHN DEERE CONSTRUCTION AND FORESTRY COMPANY; PAPÉ MACHINERY, INC. AND DOES 1 THROUGH 20, | |
| Defendants. | |

The parties to this action, by and through their attorneys of record, stipulate that an order in the following form may be entered:

John Deere Construction & Forestry Company may file the amended answer attached as Exhibit A hereto, adding an additional affirmative defense to its answer.

IT IS SO STIPULATED.

Dated: June 26, 2008                THE BOCCARDO LAW FIRM, INC.


                                    By:  /s/ John C. Stein
                                         JOHN C. STEIN
                                         Attorneys for Plaintiff

1
**STIPULATION AND ORDER TO FILE AMENDED ANSWER**

| | | |
|---|---|---|
| 1 | Dated: June __, 2008 | RYAN & FONG |
| 2 | | |
| 3 | | By: _____/s/ Rebekka Martorano_____ |
| | | REBEKKA MARTORANO |
| 4 | | Attorneys for Defendant John Deere Construction & Forestry Company |

Dated: June __, 2008         JOSEPH COSTELLA & ASSOCIATES

By: _____/s/ Harry Gilbert_____
HARRY GILBERT
Attorneys for Papé Machinery, Inc.

IT IS SO ORDERED.

Dated: _____, 2008         _____
Judge of the United States District Court

---

2
**STIPULATION AND ORDER TO FILE AMENDED ANSWER**

**EXHIBIT A**

**RYAN & FONG**
**TIMOTHY J. RYAN - 99542**
**REBEKKA MARTORANO - 173600**
2379 Gateway Oaks Drive, Ste. 100
Sacramento, California 95833
Telephone: (916) 924-1912

Attorneys for Defendant John Deere Construction & Forestry Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVE MUSCATELL,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JOHN DEERE CONSTRUCTION<br>AND FORESTRY COMPANY; PAPÉ<br>MACHINERY, INC. AND DOES 1<br>THROUGH 20,<br><br>　　　　　Defendants. | No. C 08-00361 JW PVT<br><br>**DEFENDANT JOHN DEERE<br>CONSTRUCTION & FORESTRY<br>COMPANY'S AMENDED ANSWER<br>TO COMPLAINT** |

Defendant John Deere Construction & Forestry Company ("Defendant") answers the complaint ("the Complaint") filed by plaintiff Steve Muscatell ("Plaintiff") in this action as follows:

1. To the extent paragraphs 1 and 2 of the Complaint contain factual allegations against Defendant, Defendant denies those allegations.

2. In answering paragraph 3 of the Complaint, Defendant states that it lacks sufficient knowledge or information about the matters alleged therein for an answer to be made and, upon this ground, denies each and every allegation set forth in paragraph 3 of the Complaint.

3. In answering paragraph 5 of the Complaint, Defendant admits that it is a corporation. Defendant is informed and believes that Papé Machinery, Inc. is also a corporation.

1

DEFENDANT JOHN DEERE CONSTRUCTION & FORESTRY COMPANY'S
AMENDED ANSWER TO COMPLAINT

4. In answering paragraphs 6 and 8 of the Complaint, Defendant states that it lacks sufficient knowledge or information about the matters alleged therein for an answer to be made and, upon this ground, denies each and every allegation set forth in paragraphs 6 and 8 of the Complaint.

5. To the extent paragraph 10 of the Complaint contains factual allegations against Defendant, Defendant denies those allegations.

6. Defendant denies the allegations contained in paragraph 11 of the Complaint.

7. Defendant admits the allegations contained in paragraph 13 of the Complaint.

8. Defendant denies the allegations contained in paragraph 14 of the Complaint.

## ANSWER TO CAUSE OF ACTION FOR PRODUCTS LIABILITY

9. Defendant denies the allegations contained in paragraphs Prod. L-1, Prod. L-2, and Prod. L-3 of the Complaint.

10. In answering paragraph Prod. L-4 of the Complaint, Defendant admits that it manufactured the Skid Steer, and admits that it manufactured component parts of the Skid Steer. Defendants denies all other allegations contained in paragraph Prod. L-4 of the Complaint.

11. Defendant denies the allegations contained in paragraphs Prod. L-5 and Prod. L-6 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

1. Defendant alleges that the Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause, or causes, of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

2. Defendant alleges that Plaintiff's damages, if any, were directly and proximately caused, or contributed to, by Plaintiff's own negligence or fault, or negligence or other fault of individuals, firms, or other corporations or entities in privity with Plaintiff, and that Plaintiff's recovery, if any, should therefore be barred or diminished in accordance with applicable law.

### THIRD AFFIRMATIVE DEFENSE

3. Defendant alleges that Plaintiff's damages, if any, were directly and proximately caused, or contributed to, by the acts and/or omissions of other individuals, firms, corporations, or other entities over

whom Defendant has or had no control or right of control, and for whom it was not responsible. Said acts and/or omissions intervened between the acts and/or omissions of Defendant, if any, and the occurrence of the subject accident and were the sole, direct, and proximate cause of Plaintiff's damages, if any. Plaintiff's recovery, if any, should therefore be barred or diminished in accordance with applicable law.

### FOURTH AFFIRMATIVE DEFENSE

4. Defendant alleges that any recovery or settlement Plaintiff may have obtained from such other individuals, firms, corporations, or other entities over whom Defendant has or had no control or right of control, and for whom it is/was not responsible, must reduce or bar altogether any recovery or judgment such Plaintiff might obtain from Defendant.

### FIFTH AFFIRMATIVE DEFENSE

5. Defendant alleges that third parties over whom Defendant has or had no control or right of control, and for whom it is/was not responsible, altered or modified the product or products referred to in the Complaint, including but not limited to, the subject Skid Steer and vibratory roller, and such alteration or modification was the sole, direct, and proximate cause of Plaintiff's damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

6. Defendant alleges that third parties over whom Defendant have or had no control or right of control, and for whom it is/was not responsible, misused and/or abused and/or failed to properly repair and/or maintain the product or products referred to in the Complaint, including but not limited to, the subject Skid Steer and vibratory roller, and such misuse and/or abuse and/or failure to properly repair and/or maintain such product or products, was the sole, direct, and proximate cause of Plaintiff's damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

7. Defendant alleges that the Complaint, and each purported cause of action therein, is barred, in whole or in part, by Plaintiff's conduct in voluntarily assuming an unreasonable risk with knowledge of that risk.

### EIGHTH AFFIRMATIVE DEFENSE

8. Defendant alleges that the Complaint, and each purported cause of action therein, is barred, in whole or in part, by Plaintiff's failure to mitigate his damages, if any.

### NINTH AFFIRMATIVE DEFENSE

9. Defendant alleges that any product or products involved in the incident to which Plaintiff refers in the Complaint, including but not limited to, the subject Skid Steer and vibratory roller, conformed to the state of the art at the time of sale and was/were designed, manufactured, and tested pursuant to generally recognized and prevailing standards and in conformance with the statutes, regulations, and requirements that governed the product or products at the time of design, manufacture, testing, and sale.

### TENTH AFFIRMATIVE DEFENSE

10. Defendant alleges that the Complaint, and each purported cause of action therein, is barred, in whole or in part, by the applicable statutes of limitation.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Defendant place in issue the negligence, fault, and responsibility, if any, of all persons who contributed in any degree to the injuries, damages, and/or losses alleged to have been sustained by Plaintiff, in proportion to each party's negligence, fault, or responsibility. Judgment, if any, against Defendant should be diminished to an amount that represents its degree of negligence, fault, or responsibility, if any.

### TWELFTH AFFIRMATIVE DEFENSE

12. Defendant alleges that on the occasion of the incident to which Plaintiff refers in the Complaint, any product or products referred to in the Complaint, including but not limited to the subject Skid Steer and vibratory roller, was/were not being used in the normal and ordinary way, nor was/were it/they being used in a manner recommended by Defendant, nor for the purposes for which it/they was/were designed, manufactured and/or sold. To the contrary, said product or products was/were being put to an abnormal use or misuse and to a use that was not reasonably foreseeable to Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Defendant alleges that California's Fair Responsibility Act of 1986, codified at California Civil Code section 1431.1 *et. seq.*, limits any damages governed thereby, which are awarded to Plaintiff

against Defendant, to that portion of such Plaintiff's non-economic damages, if any, that is attributable to Defendant' percentage of fault or liability, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Defendant alleges that the benefits of the design of the product or products referred to in the Complaint, including but not limited to, the subject Skid Steer and vibratory roller, outweighed the inherent risks, if any.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Defendant alleges that the Complaint, and each purported cause of action therein, is barred, in whole or in part, because Plaintiff was a "sophisticated user" of the product or products referred to in the Complaint, including but not limited to, the subject subject Skid Steer and vibratory roller.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed with prejudice; that Plaintiff take nothing by reason of his Complaint; and that this Court enter judgment in Defendant's favor, and that such judgment provide for an award to Defendant of costs and expenses incurred herein, and for such other relief as the Court deems just and proper.

Dated: June 26, 2008         RYAN & FONG

                             By:  /s/ Rebekka R. Martorano
                                  REBEKKA R. MARTORANO
                                  Attorneys for Defendant John Deere
                                  Construction & Forestry Company