IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Steve Muscatell, | NO. C 08-00361 JW |
| Plaintiff, | **ORDER DENYING DEFENDANT PAPE' MACHINERY, INC.'S MOTION TO EXCLUDE ALL TRIAL TESTIMONY OFFERED BY PLAINTIFF'S UNDISCLOSED EXPERTS, AND TO BAR FURTHER EXPERT DISCLOSURE; MODIFYING SCHEDULING ORDER** |
| v. | |
| John Deere Construction and Forestry Company, et al., | |
| Defendants. | |

Presently before the Court is Defendant Pape' Machinery, Inc.'s ("Pape'") Motion to Exclude All Trial Testimony Offered by Plaintiff's Undisclosed Experts, and to Bar Further Expert Disclosures.[1] Pape' seeks to prevent Plaintiff from introducing at trial the testimony of experts that Plaintiff has not yet disclosed and from disclosing any further experts or expert reports.

The Court finds it appropriate to take the matter under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court DENIES Defendant Pape's Motion.

**A.    Background**

On October 9, 2007, Plaintiff filed this action in the Superior Court of the State of California for the County of Santa Cruz, alleging products liability for injuries suffered by Plaintiff's use of

---

[1] (Pape' Machinery, Inc.'s Motion to Exclude All Trial Testimony Offered by Plaintiff's Undisclosed Experts, and to Bar Further Expert Disclosures, hereafter, "Motion," Docket Item No. 30.) Defendant John Deere Construction & Forestry Company has joined in Pape's motion. (Joinder in Pape' Machinery, Inc's Motion to Exclude All Trial Testimony Offered by Plaintiff's Undisclosed Experts, and to Bar Further Expert Disclosure by Plaintiff, Docket Item No. 35.)

machinery sold by Defendants.  (See Notice of Removal, Ex. A, Docket Item No. 1.)  On January 17, 2008, Defendant John Deere Construction & Forestry Company removed this action to federal court under 28 U.S.C. § 1332.  (See Notice of Removal, Docket Item No. 1.)

On May 7, 2008, the Court issued a Scheduling Order ("May 2008 Scheduling Order") setting the close of all discovery as March 2, 2009.  (May 7, 2008 Scheduling Order at 1, hereafter, "May 2008 Scheduling Order," Docket item No. 19.)  The May 2008 Scheduling Order also required the parties to disclose the "name, address, qualifications, résumé and written report" of their experts, pursuant to Fed. R. Civ. P. 26, 63 days before the close of discovery–i.e., December 29, 2008.  (May 2008 Scheduling Order at 3.)  On January 12, 2009, the parties provided their expert disclosures.[2]  (Motion at 3.)  Plaintiff only disclosed the identity of his treating physicians and provided no expert reports.[3]  On January 16, 2009, Plaintiff filed a Supplemental Disclosure of Experts, which stated that

> Plaintiff has retained experts on this case, but cannot offer any experts opinions or reports at this time because the defendants have not produced . . . the test data on the machine that was done by John Deere at the time of protocol testing or at the time of production. . . . [Plaintiff's] experts feel they cannot give an opinion on this case until the test data is produced by John Deere and/or Pape' Machinery . . . .

(Gilbert Decl., Ex. F.)

On January 22, 2009, the Court issued a Preliminary Pretrial Conference Scheduling Order ("January 2009 Scheduling Order") setting the trial in this action to begin September 22, 2009.  (January 22, 2009 Preliminary Pretrial Conference Scheduling Order, hereafter, "January 2009 Scheduling Order," Docket Item No.34.)

**B.  Discussion**

Defendant Pape' contends that Plaintiff should be precluded from introducing the testimony of currently undisclosed experts and any further experts and expert reports because Plaintiff did not

---

[2] The Court notes that each of the parties failed to provide expert disclosures by the deadline set in the Court's May 2008 Scheduling Order.

[3] (Declaration of Harry C. Gilbert in Support of Pape' Machinery, Inc's Motion to Exclude All Trial Testimony Offered by Plaintiff's Undisclosed Experts, and to Bar Further Expert Disclosures, Ex. A, hereafter, "Gilbert Decl.," Docket Item No. 31.)

2

1 comply with the Court's May 2008 Scheduling Order.  In addition, Defendant contend that Plaintiff
2 can develop his own test data regarding the machinery at issue.  (Motion at 4-5.)  Plaintiff contends
3 that he can provide the necessary disclosures by April 2, 2009.[4]

4         Under Fed. R. Civ. P. 26(a)(2)(C), expert testimony must be disclosed to all parties "at least
5 90 days before the date set for trial or for the case to be ready for trial."  However, the court can set a
6 different date for disclosure.  Fed. R. Civ. P. 26(a)(2)(C).  Once a schedule has been set by a court, it
7 may modify its schedule for "good cause."  Fed. R. Civ. P. 16(b)(4).

8         In this case, all parties failed to provide their expert disclosures in accordance with the May
9 2008 Scheduling Order, which required all expert disclosures to be exchanged by December 29,
10 2009.  The parties did not exchange their disclosures until January 12, 2009.  (See Motion at 3.)
11 Furthermore, the trial in this matter is not set to begin until September 22, 2009.  In light of the six
12 months that remain until trial and Defendant's own tardy disclosure, the Court finds that Defendant
13 has failed to show any prejudice that would result from allowing the parties to conduct limited
14 further discovery with respect to expert disclosure.  In contrast, Plaintiff may be prejudiced if he is
15 unable to disclose and ultimately offer the testimony of experts in support of his case.  Thus, the
16 Court finds good cause exists for allowing Plaintiff additional time to provide the expert disclosures
17 required under Fed. R. Civ. P. 26(a)(2).

18         Accordingly, the Court DENIES Defendant Pape's Motion to Exclude All Trial Testimony
19 Offered by Plaintiff's Undisclosed Experts, and to Bar Further Expert Disclosures.

20 **C.**     **Conclusion**

21         The Court orders as follows:

22         (1) The Court DENIES Defendant Pape's Motion to Exclude All Trial Testimony Offered
23 by Plaintiff's Undisclosed Experts, and to Bar Further Expert Disclosures.

24         (2) Any party wishing to present expert witness testimony with respect to a claim or a

---

[4] (Declaration of John C. Stein in Opposition to Pape' Machinery, Inc.'s Motion to Exclude All Trial Testimony Offered by Plaintiff's Undisclosed Experts, and to Bar Further Expert Disclosures, hereafter, "Stein Decl.," Docket Item No. 36.)

3

1  defense shall lodge with the Court and serve on all other parties the name, address, qualifications,
2  résumé and a written report which complies with Fed. R. Civ. P. 26(a)(2)(B) on or before **April 2,**
3  **2009**.
4        (3)  Discovery shall remain open until **June 1, 2009** for the limited purpose of deposing
5  newly disclosed experts.

7  Dated:  March 26, 2009

                                                        _____
                                                        JAMES WARE
                                                        United States District Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Harry C. Gilbert hgilbert@travelers.com
John Charles Stein boccardo@boccardo.com
Rebekka R. Martorano rmartorano@ryanfong.com
Timothy John Ryan tryan@ryanfong.com

**Dated: March 26, 2009**                                    **Richard W. Wieking, Clerk**

                                                             **By:      /s/ JW Chambers            **
                                                                   **Elizabeth Garcia**
                                                                   **Courtroom Deputy**